IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON WELLS, HORACE | § | |
| SUTTERER, KIRK WILLIAMS, ET AL. | § | No. 4:10-cv-02373 |
| | § | |
| Plaintiffs | § | |
| v. | § | |
| | § | JURY DEMANDED |
| TAXMASTERS, INC., TMIRS | § | |
| ENTERPRISES, LTD., TM GP SERVICES | § | |
| LLC D/B/A TAXMASTERS, PATRICK | § | |
| R. COX & ALEX CLAMON, | § | |
| INDIVIDUALLY | § | |
| | § | |
| Defendants | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants TaxMasters, Inc., TMIRS Enterprises, Ltd., TM GP Services, LLC, Patrick R. Cox, and Alex Clamon file this Original Answer and respectfully assert as follows:

1.  Defendants admit that Plaintiffs Brandon Wells, Horace Sutterer and Kirk Williams (hereinafter "Plaintiffs") were formerly employed by TMIRS Enterprises, Ltd. and TaxMasters, Inc. but deny that Plaintiffs were employed by TM GP Services, LLC, Patrick R. Cox, or Alex Clamon. Defendants admit that Plaintiffs were employed in sales. Defendants admit that TaxMasters, Inc. is and that TMIRS Enterprises, Ltd. was in the business of selling tax resolution packages to customers with Internal

Revenue Service ("IRS") tax issues but deny that any other Defendant is in the business of selling tax resolution packages to customers with IRS issues. Defendants deny that Plaintiffs are non-exempt employees and further deny that Plaintiffs were not paid time-and-one-half their regular rate for all hours worked over forty (40) in one workweek.

2.   Defendants admit that Plaintiffs have alleged causes of action seeking compensation and other relief under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. Section 216(b) (2010) but deny that Defendants have committed any acts that would subject Defendants to liability for compensation or other relief under the FLSA.

3. Defendants admit that the Court has jurisdiction under 29 U.S.C. section 216(b) and 28 U.S.C. section 1331.

4. Defendants admit that venue of this action lies in the Southern District of Texas but deny that any of the misconduct charged by the Plaintiffs actually occurred.

5. Defendants are without knowledge or information sufficient to form a belief as to where Plaintiffs currently reside, and therefore deny that allegation. Defendants admit that Plaintiffs were employed by TMIRS Enterprises, Ltd. and TaxMasters, Inc. during a portion of the three-year period preceding the filing of the complaint.  Defendants deny that Plaintiffs

were employed by any of the other Defendants. Defendants admit that Plaintiffs worked in sales. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiffs regularly worked more than forty (40) hours per week.  Defendants deny that, in performing their duties for Defendants, Plaintiffs engaged in commerce or in the production of goods for commerce.

6.  Defendants admit that TaxMasters, Inc. is a Nevada corporation doing business in Texas as an enterprise engaged in commerce within the meaning of the FLSA.  Defendants admit that TaxMasters, Inc. has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs but deny that any "Class" exists.  Defendants admit that TaxMasters, Inc. may be served with process by serving its registered agent for service of process, InCorp Services, Inc., at 815 Brazos Street, Suite 500, Austin, Texas 78701.

7.  Defendants admit that TMIRS Enterprises, Ltd. is a limited partnership doing business in Texas and is an enterprise engaged in commerce within the meaning of the FLSA. Defendants admit that TMIRS Enterprises, Ltd. has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs but deny that any "Class" exists. Defendants admit that TMIRS Enterprises, Ltd. may be served with process by serving its registered agent for services of process, Patrick R. Cox, at 900 Town & Country Lane, Suite

400, Houston, Texas 77024.

8.   Defendants deny that TM GP Services, LLC, d/b/a Taxmasters, is properly named as a defendant; that TM GP Services, LLC is a d/b/a for "Taxmasters"; or that it is a limited partnership. Defendants further deny that TM GP Services, LLC, d/b/a Taxmasters  has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs or any putative "Class." Defendants admit that TM GP Services, LLC, may be served with process by serving its registered agent for services of process, Patrick R. Cox, at 900 Town & Country Lane, Suite 400, Houston, Texas 77024.  Defendants admit that TM GP Services, LLC is the general partner of TMIRS Enterprises, Ltd. Defendants admit that Patrick R. Cox is the sole member of TM GP Services, LLC.

9.  Defendants admit the allegations contained in Paragraph 9

10.  Defendants admit the allegations contained in Paragraph 10.

11. Defendants deny that any "Class" has been certified or is certifiable in this action.

12. Defendants admit the allegations contained in Paragraph 12.

13.   Defendants admit that Plaintiffs were paid an hourly rate of pay or commissions, whichever was greater. Defendants deny that Plaintiffs regularly worked more than forty (40) hours per week each workweek.

Defendants further deny that Plaintiffs were not paid at one-and-one-half time their regular rate of pay.

14. Defendants admit that Cox and Clamon have a "financial interest" in the company but are without sufficient information to admit or deny that Cox and Clamon have a "substantial financial interest." Defendants admit that Cox and Clamon are directly involved in the hiring and firing of some of the Company's employees; are directly involved in some of the day-to-day operations of the Company as those operations "relate to defining the terms of employment; workplace conditions; and the level of compensation to be received by" some Company employees. Defendants are without sufficient information to admit or deny that Cox and Clamon are directly involved in the "Company's finances." Defendants admit that Cox and Clamon are directly involved in some "corporate decisions."

15. Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to FRCP 8(c), Defendants assert the following affirmative defenses to Plaintiffs' claims:

1. Plaintiffs' FLSA claims are barred by the FLSA's statute of limitations, 29 U.S.C. section 255.

2. Plaintiffs are exempt from and, therefore, not entitled to any overtime compensation pursuant to 29 U.S.C. section 201 *et seq.*, including 29 U.S.C. section 207, because plaintiffs are "highly compensated" employees; "administrative" employees; and/or employees of a "retail or service establishment," as those terms are defined under the FLSA.

3. At all relevant times, Defendants acted in good faith with respect to any putative obligation under the FLSA.

4. Plaintiffs have failed to mitigate any putative damages.

For the foregoing reasons, Defendants request that this Court deny Plaintiffs all relief they have requested and award Defendants their reasonable attorney's fees and costs incurred in defending against this action.

**/s/ Scott Newar**
SCOTT NEWAR
State Bar Number 14940900
700 Louisiana, 25th Floor
Houston, Texas 77002
(713) 226-7950
(713) 226-7181 (Fax)
ATTORNEY-IN-CHARGE
FOR DEFENDANTS

## CERTIFICATE OF FILING/SERVICE

I hereby certify that on September 14, 2010, I served the instant pleading upon the Plaintiffs, by and through their legal counsel, by electronic filing in accordance with the Local Rules of the Southern District of Texas.

**/s/ Scott Newar**

_____

SCOTT NEWAR
State Bar Number 14940900
700 Louisiana, 25th Floor
Houston, Texas 77002
(713) 226-7950
(713) 226-7181 (Fax)
ATTORNEY-IN-CHARGE
FOR DEFENDANTS