THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON WELLS, HORACE SUTTERER, KIRK WILLIAMS, ET AL., | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-2373 (JURY) |
| TAXMASTERS, INC., TMIRS ENTERPRISES, LTD., TM GP SERVICES, LLC D/B/A TAXMASTERS, PATRICK R. COX AND ALEX CLAMON, INDIVIDUALLY, | § | COLLECTIVE ACTION |
| Defendants. | § | |

MOTION FOR CONDITIONAL CERTIFICATION OF REPRESENTATIVE CLASS

Mark Siurek
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:
WARREN & SIUREK, L.L.P.
Patricia Haylon
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

LAW OFFICE OF DOUGLAS B. WELMAKER
Douglas B. Welmaker
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com

# TABLE OF CONTENTS


| DESCRIPTION | PAGE |
| --- | --- |
| SUMMARY OF THE ARGUMENT | 1 |
| FACTUAL BACKGROUND | 2 |
| ARGUMENT AND AUTHORITIES | 7 |
| A. Process of Conditional Certification | 7 |
| B. Legal Standard for Class Certification | 8 |
| C. Suitability of Class Certification in This Case | 9 |
| 1. Other Aggrieved Tax Consultants Exist | 9 |
| 2. The Tax Consultants Are Similarly Situated | 10 |
| 3. Others Want to Opt-In To The Lawsuit | 10 |
| CONCLUSION | 11 |

TABLE OF CONTENTS

CASE LAW PAGE

Castillo v. Alkire Subway, L.P., No. H-08-2658 2009 U.S. Dist. LEXIS 126743 (S.D. Tex. April 30, 2009) .............................. 8

Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ... 7-8

Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987) ...... 7-8

Maynor v. The Dow Chemical Company, No. G-07-0504 2007 U.S. Dist. LEXIS 42488 (S.D. Tex. May 28, 2008) ...... 7-9

Mooney v. Aramco Services Co., 54 F.3d 120 (5th Cir. 1995) ........................................ 7-8

Prater v. Commerce Equities Management Company, Inc., No. H-07-2349, 2007 U.S. Dist. LEXIS 85338 (S.D. Tex. November 19, 2007) ............................ 11

STATUTES PAGE

29 U.S.C.A. Section 216(b)(2010) ......................... 7

LIST OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| Exhibit "A" | Tax Masters' Website Printout-About Tax Masters |
| Exhibit "B" | Tax Masters' Website Printout-Sales Jobs in Houston |
| Exhibit "C" | Tax Masters' Website Printout-Careeres |
| Exhibit "D" | Declaration of Horace Sutterer |
| Attachment "D-1" | Email communications |
| Attachment "D-2" | Compensation information(no commissions paid) |
| Attachment "D-3 | Paycheck information (commissions paid) |
| Exhibit "E" | Declaration of Allison Ballard |
| Attachment "E-1" | Email communications |
| Attachment "E-2" | Email communications |
| Attachment "E-3" | Email communications |
| Attachment "E-4" | Email communications |
| Attachment "E-5" | Email communications |
| Attachment "E-6" | Email communications |
| Attachment "E-7" | Email communications |
| Attachment "E-8" | Email communications |
| Attachment "E-9" | Email communications |
| Attachment "E-10" | Email communications |

| EXHIBIT | DESCRIPTION |
|---|---|
| Attachment "E-11" | Email communications |
| Attachment "E-12" | Email communications |
| Attachment "E-13" | Email communications |
| Attachment "E-14" | Sales Representative Compensation Plan |
| Attachment "E-15" | Compensation information (no commissions paid) |
| Attachment "E-16" | Compensation information (commission paid) |

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON WELLS, HORACE SUTTERER, KIRK WILLIAMS, ET AL., | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-2373 (JURY) |
| TAXMASTERS, INC., TMIRS ENTERPRISES, LTD., TM GP SERVICES, LLC D/B/A TAXMASTERS, PATRICK R. COX AND ALEX CLAMON, INDIVIDUALLY, | § | COLLECTIVE ACTION |
| Defendants. | § | |

MOTION FOR CONDITIONAL CERTIFICATION OF REPRESENTATIVE CLASS

TO THE HONORABLE JUDGE MELINDA HARMON:

Plaintiffs Brandon Wells ("Wells"), Horace Sutterer ("Sutterer") and Kirk Williams ("Williams") (collectively, the "Plaintiffs") file this Motion for Conditional Certification of Representative Class as follows:

SUMMARY OF THE ARGUMENT

1. This collective action was filed by three (3) former sales representatives employed by Taxmasters, Inc., TMIRS Enterprises, LTD., TM GP Services, LLC d/b/a Taxmasters (collectively, Tax Masters"), Patrick R. Cox ("Cox") and Alex Clamon ("Clamon"), Individually (collectively the "Defendants"). Since the filing of this action, fourteen (14) current or former employees have filed consents to join this collective action (the "Consent Plaintiffs").

2. Because the sales representatives are similarly situated to the Plaintiffs and are affected by a common illegal policy, plan or practice, the Plaintiffs request that the Court conditionally certify a narrowly defined class and order that prompt notice of the collective action be given to all members of the class.

FACTUAL BACKGROUND

3. According to its website, Tax Masters was founded in 2001 by Cox to provide assistance to people with tax problems. See Exhibit "A," Printout from Tax Masters' website at www.txmstr.com/taxmasters. Located in Houston, Tax Masters has had success settling federal tax debt, defending clients in audit, setting up monthly IRS payment plans and filing past due tax returns on behalf of its clients. See Exhibit "B," Printout from Tax Masters' website at www.taxmasterscareers.com.

4. Initially, Tax Masters advertised only in the Houston market. See Exhibit "A." However, in 2003, Cox and Clamon, Tax Master's Vice-President of Sales, launched a national campaign to attract clients beyond the State of Texas. See Exhibit "A." As of September of 2010, Tax Masters had served tens of thousands of clients nationwide with over three hundred (300) employees. See Exhibit "A."

5. Despite its growth, Cox decided to keep Tax Masters centrally located in one Houston office so that he could more easily train, recruit, and monitor personnel and day-to-day

activities. See Exhibit "A." Instead of opening multiple offices, Tax Masters simply added extra shifts to accommodate clients on the west coast, Alaska and Hawaii. See Exhibit "A." Because Tax Master's employees are in one location, they are exposed to the varying needs of taxpayers in different states and thus, able to create more complete solutions for clients. See Exhibit "A."

6. In addition to tax professionals, Tax Masters employs financial analysts, case coordinators and billing specialists. See Exhibit "B." More to the point for the purposes of this motion, Tax Masters employs inside sales people, or "tax consultants," including the Plaintiffs, to sell its tax services to potential clients. See Exhibit "B" and Exhibit "C," Printout from Tax Masters' website at www.taxmasterscareers.com/sales.html.

7. The tax consultants work in a common call center. See Exhibit "D," Declaration of Horace Sutterer, Exhibit "E," Declaration of Allison Ballard. They are organized into teams comprised of eight (8) tax consultants, one sales assistant and a team leader. See Exhibits "D" and "E." Newly hired tax consultants are randomly assigned to teams on an as needed basis. See Exhibits "D" and "E." Currently, there are twelve (12) sales teams. See Exhibits "D" and "E." The twelve (12) team leaders report to one of two group team leaders (Ralph Gardner and Jeff Welch) who report to Clamon. See Exhibits "D" and "E."

8. The tax consultants sell the services listed on a one-page

services sheet primarily through customer phone calls received on a rotating basis. See Exhibits "D" and "E." The tax consultants also call and email prospective clients identified in the Tax Masters' database. See Exhibits "D" and "E." All tax consultants are expected to sell a minimum of fifteen thousand dollars ($15,000.00) of services each week. See Exhibits "D" and "E."

9. Tax consultants identify the appropriate Tax Master service or "solution" for each prospective client and convert the prospect to a closed deal. See Exhibit "C." Hard work and a minimum fifty (50) hour week are expected by Tax Masters. See Exhibit "C." In return, the tax consultants are paid a base wage or commission, whichever is higher. See Exhibit "C." As such, tax consultants work fifty (50) to sixty (60) hour weeks because the way to get ahead is to be at the office when the phone rings. See Exhibit "C."

10. Each tax consultant is assigned their specific sales quota each week by their team leader based on the teams' assigned sales quota. See Exhibits "D" and "E" as well as Attachment "1" to Exhibit "E." Sales productivity is closely monitored on a daily and weekly basis by team leaders, group team leaders, Clamon and Cox. See Exhibits "D" and "E" as well as the Attachments to Exhibits "D" and "E."

11. For example, Cox questioned a group leader via email because the amount of sales made between the 10:00 a.m. report and the 2:00 p.m. report was too low. See Attachment "2" to Exhibit

"E." The email was then forwarded to the team leader who then sent it to the individual team members. See Attachment "2" to Exhibit "E." Clamon likewise monitors productivity. See Attachment "2" to Exhibit "D."

12. Clamon reviews call reports and call logs to monitor sales activity. See Attachments "3" and "4" to Exhibit "E." He personally walks the sales floor. See Attachments "3" and "4" to Exhibit "E." Clamon also requires that each tax consultant make fifty (50) to sixty (60) outbound sales calls to prospective clients each day. See Attachments "3" and "4" to Exhibit "E." Finally, the team leaders review every email sent to prospective clients by the tax consultants. See Attachment "5" to Exhibit "E." In other words, the day-to-day sales activity of every tax consultant is scrutinized by Cox, Clamon, and other managers.

13. Any team or individual that fails to meet their sales quota is required to continue working until the quota is reached. See Attachment "2" to Exhibit "E." For example, Attachment "2" is an email directive from Cox stating that the teams of tax consultants must continue working after 5:00 p.m. until each team sells another $18,000.00 that day. See Attachment "2" to Exhibit "E."

14. Similar directives were issued by Clamon and the group team leaders. See Attachments "6" to Exhibit "E" and Attachment "1" to Exhibit "D." Moreover, if the weekly sales quotas were not met by Friday, working on Saturday and/or Sunday was mandatory.

See Attachments "6" through "13" to Exhibit "E."

15. All tax consultants are paid a base wage or commission, whichever is higher. See Exhibit "C." According to the Tax Masters' Sales Representative Compensation Plan, tax consultants are paid straight commissions. See Attachment "14" to Exhibit "E."

16. However, if for some reason commissions are not earned during a particular workweek, the tax consultants are paid an hourly rate of pay as well as some overtime compensation. See Attachment "3" to Exhibit "D" and Attachment "16" to Exhibit "E." Unfortunately, no overtime compensation is paid to the tax consultants during workweeks where commissions are paid, regardless of the number of hours worked. See Attachment "15" to Exhibit "E" and Attachment "2" to Exhibit "D." As such, the tax consultants regularly work overtime hours without overtime compensation.

17. Simply put, the Plaintiffs, the Consent Plaintiffs, and other tax consultants, performed the same job duties in the same location under the same management and were paid under the same compensation plan. As a result, the Plaintiffs and potential class members were affected by the same illegal policy or practice implemented by Tax Masters, i.e. mandatory off-the-clock overtime.

18. In sum, the Plaintiffs have produced sufficient evidence to demonstrate a factual and legal nexus binding the claims of all putative class members such that the collective treatment of these claims promotes judicial economy and serves the spirit and intent of Section 216(b) of the FLSA. Therefore, the Plaintiffs

respectfully request that the Court conditionally certify as a representative class all tax consultants employed by Tax Masters during the three-year period preceding the filing of this complaint.

ARGUMENT AND AUTHORITIES

A. Process of Conditional Certification

19. Section 216(b) of the FLSA creates a cause of action for employees against employers violating the overtime compensation requirements. 29 U.S.C.A. Section 216(b)(2010). Section 216(b) provides:

> An action... may be maintained by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.A. Section 216(b)(2010). Thus, a representative or collective action under this provision follows an "opt-in" rather than "opt-out" procedure. Mooney v. Aramco Services Co., 54 F.3d 1207, 1212 (5th Cir. 1995).

20. District courts have the discretion to implement the collective action procedure by facilitating notice to potential plaintiffs. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989). In determining whether employees are "similarly situated," most courts employ the "two-stage class certification" method originally set out in Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987). Maynor v. The Dow Chemical Company, No. G-07-0504,

2007 U.S. Dist. LEXIS 42488, at *6 (S.D. Tex. May 28, 2008).

21. The first stage of the Lusardi analysis is the "notice stage" where the court determines whether notice of the action should be given to potential class members.[1] Mooney, 54 F.3d at 1213-1214. This determination is based on the pleadings and affidavits submitted by the parties. Mooney, 54 F.3d at 1213-1214. Because the court relies on minimal evidence, a fairly lenient standard is applied which usually results in a conditional certification of the class. Maynor, No. G-07-0504, 2007 U.S. Dist. LEXIS 42488 at *6.

B. Legal Standard for Class Certification

22. Generally, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. Castillo v. Alkire Subway, L.P., No. H-08-2658, 2009 U.S. Dist. LEXIS 126743, at 3 (S.D. Tex. April 30, 2009) citing Maynor, No. G-07-0504, 2007 U.S. Dist. LEXIS 42488 at *6. Specifically, to establish that class certification is appropriate, a plaintiff must make a minimal showing that: 1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; 2) those aggrieved individuals are similarly situated to the plaintiff in relevant

1. The second stage follows a motion for decertification after the completion of discovery. At this stage, the courts are able to make a meaningful fact determination regarding the similarly situated question. Mooney, 54 F.3d at 1214. If the employees are similarly situated, the representative action proceeds to trial. If the employees are not similarly situated, the court decertifies the class and the opt-in plaintiffs are dismissed without prejudice. Mooney, 54 F.3d at 1214.

respects; and 3) those individuals want to opt-in to the lawsuit. Maynor, No. G-07-0504, 2007 U.S. Dist. LEXIS 42488 at *6.

23. Applied here, the declarations and supporting documents amply demonstrate that other aggrieved individuals exist; these individuals were affected by a common illegal policy, plan or practice; and these individuals want to opt-in to this lawsuit. Accordingly, the Plaintiffs request that the Court conditionally certify a class comprised of the following:

> All current and former tax consultants employed by Tax Masters during the three-year period preceding the filing of this complaint.

C. Suitability of Class Certification in This Case

1. Other Aggrieved Tax Consultants Exist

24. As stated above, Tax Masters has twelve (12) sales teams comprised of eight (8) tax consultants, a sales assistant and a team leader. See Exhibits "D" and "E." The teams are organized for management purposes rather than any distinction in job duties or pay. See Exhibits "D" and "E."

25. In fact, the tax consultants, including the Plaintiffs, perform the same job duties and are paid according to the same compensation scheme. See Exhibits "C," "D" and "E." More specifically, the tax consultants are assigned sales quotas and are subject to the corresponding demands to meet those quotas. See Exhibits "D" and "E."

26. Finally, the tax consultants, including the Plaintiffs, are required to work overtime whenever their sales team is below

their daily or weekly sales quotas. See Exhibits "C," "D" and "E." However, the tax consultants are not paid overtime compensation for such mandatory overtime hours when they are paid commissions. See Exhibits "D" and "E." As a result, the tax consultants regularly work off-the-clock overtime hours.

27. In sum, the declarations and supporting documents reveal a clearly established illegal pattern, practice or plan affecting all of the tax consultants employed by Tax Masters, including the Plaintiffs.

2. The Tax Consultants Are Similarly Situated

28. As shown above, the tax consultants are similarly situated to the Plaintiffs with respect to their job duties and compensation. See Exhibits "C," "D" and "E."

29. More specifically, the tax consultants perform the same job duties at the same location under the same managers and are paid according to the same compensation plan. See Exhibits "D" and "E." As such, the tax consultants were subject to the same demands and pressure to meet their quotas which resulted in off-the-clock overtime hours. Moreover, the directives to meet quota or work overtime were frequently issued by Cox and Clamon.

30. At a minimum, the Plaintiffs have alleged, with substantial factual support, a common policy or practice resulting in FLSA violations common to the members of the class.

3. Others Want To Opt-In To The Lawsuit

31. Finally, in addition to Plaintiffs, fourteen (14) tax

consultants have indicated their desire to opt-in to the lawsuit by filing their Consents with the Court.

31. The filing of these Consents is sufficient to demonstrate that other similarly situated individuals seek to join the lawsuit. Prater v. Commerce Equities Management Company, Inc., No. H-07-2349, 2007 U.S. Dist. LEXIS 85338 at 9 (S.D. Tex. November 19, 2007).

32. In sum, the declarations and supporting documents provided by the Plaintiffs are sufficient to meet the lenient standard applicable to the first stage of class certification by demonstrating that: 1) other aggrieved tax consultants exist; 2) these tax consultants are similarly situated to Plaintiffs in relevant respects; and 3) these tax consultants seek to join this lawsuit. Accordingly, Plaintiffs request that the Court grant their Motion for Conditional Certification of Representative Class.

## CONCLUSION

33. The Plaintiffs have produced sufficient evidence to establish that the collective treatment of these FLSA claims is appropriate. Therefore, Plaintiffs request that the Court conditionally certify as a representative class all current and former tax consultants employed by Tax Masters during the three-year period preceding the filing of this Complaint.

34. Further, the Plaintiffs request that the Court order Tax Masters to produce the names and addresses of all putative class members within ten (10) days of the entry of an Order conditionally

certifying the representative class so that notice may promptly be issued.

Respectfully submitted,

Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID #13941
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

LAW OFFICE OF DOUGLAS B. WELMAKER
Douglas B. Welmaker
TBA# 00788641
Fed ID# 17038
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com

CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with opposing counsel regarding the foregoing Motion to Conditionally Certify Representative Class on October 28, 2010, who stated that he is opposed to the motion.

Douglas B. Welmaker

CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the foregoing Motion for Conditional Certification of Representative Class was served on opposing counsel by fax and/or email on October 28, 2010, properly addressed as follows:

Scott Newar
700 Louisiana, 25th Floor
Houston, Texas 77002
(713) 226-7950
(713) 226-7181 (Fax)

Douglas B. Welmaker