UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDON WELLS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:10-CV-2373 |
| § | |
| TAXMASTERS, INC., *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court are four motions 1) Plaintiffs Otis Durrett and David Pesquera's motion for summary judgment (Doc. 60), 2) Plaintiffs Adewole Adegbenro, James Balentine, Allison Ballard, Tamme Craft, John Michael Cruise, Jermaine Hill, Elie King, Francisco Lopez, Carlisle Mitchell, Monica Powell, Deaphalis Sample, Nicki Sample, Ronald Sample, Thelma Sample, Horace Sutterer, Feliciano Velazquez, Brandon Wells, and Kirk Williams' motion for summary judgment (Doc. 61), and 3) Plaintiff Darryl de la Bastide's motion for summary judgment (Doc. 62). Plaintiffs all have moved for partial summary judgment as to Defendants' liability on the grounds that the undisputed facts and Plaintiffs' summary judgment evidence show that Plaintiffs were non-exempt employees under the terms of the Fair Labor Standards Act ("FLSA") and that Plaintiffs therefore are entitled to judgment as a matter of law on the question of Defendants' liability.

The fourth motion is Defendants Tax Masters, Inc., TMIRS Enterprises, Ltd., TM GP Services, LLC d/b/a TaxMasters, Patrick R. Cox, and Alex Clamon's[1] motion for summary

---

[1] After the four Defendants and first named defendant, TaxMasters, Inc. filed their motion for summary judgment, TaxMasters, Inc. informed the Court that it filed a Chapter 11 bankruptcy petition in the United States District Court for the Southern District of Texas, No. 12-32065, and suggested that this case is automatically stayed by the operation of 11 U.S.C. § 362. Doc. 83. The Court severed and administratively closed Plaintiffs' case against

judgment on the grounds that Plaintiffs have failed to introduce any evidence that Defendants violated the FLSA by not paying overtime and that Plaintiffs were at all relevant times "exempt employees" under the "commissioned sales" exception to the FLSA. Doc. 64. *See* 29 U.S.C. 207(i). Defendants additionally contend that "Defendants Cox and Clamon do not qualify as Plaintiffs' 'employer' under the FLSA." *Id.*

After considering the motions, the facts of this case, and the relevant law, the Court finds that Plaintiffs were exempt under the FLSA's "commissioned sales" exception. The Court therefore denies Plaintiffs' motions for summary judgment and grants Defendants' motion.

Background

The parties agree that Defendants operated or were employed as supervisors for a tax-consulting and tax-preparation services company operating throughout the United States as "TaxMasters." Docs. 60, 61, 62, 64.

Defendants provided tax related services including "preparing taxpayers' federal income tax returns; representing taxpayers in responding to IRS audits of their income tax returns; negotiating releases or reduction in IRS wage garnishments proceedings of taxpayers; and representing taxpayers in various other IRS enforcement actions." Doc. 64-1 at 3. *See also* Docs.

---

TaxMasters, Inc. and allowed Plaintiffs to proceed in this action with their claims against the remaining Defendants. Doc. 85.  Thereafter, on August 24, 2012, two more defendants, TMIRS Enterprises, Ltd., and TMGP Services, LLC filed a suggestion of bankruptcy.  This bankruptcy was filed March 18, 2012.

Thus, while TaxMasters, Inc., TMIRS Enterprises, Ltd., and TM GP Services, LLC  were three of the five Defendants moving for summary judgment, Plaintiffs' claims against them have been stayed,  severed and administratively closed. The Court's resolution of these issues is not dispositive against TaxMasters, Inc., TMIRS Enterprises, Ltd., and TM GP Services, LLC.

Defendants Patrick R. Cox, and Alex Clamon have not filed for bankruptcy and were not named in TaxMasters, Inc. ,TMIRS Enterprises, Ltd., and TM GP Services, LLC's  bankruptcy petitions nor in TaxMasters, Inc., TMIRS Enterprises, Ltd., and TM GP Services, LLC's  notices of bankruptcy to this Court.

The Court therefore proceeds to resolve the motions for summary judgment now before it, but notes again that resolution of these motions is not dispositive of claims against TaxMasters, Inc., TMIRS Enterprises, Ltd., and TM GP Services, LLC.   Although TaxMasters, Inc., TMIRS Enterprises, Ltd., and TM GP Services, LLC originally joined in filing the Defendants' motion for summary judgment, the Court considers that motion only as it relates to the remaining Defendants. Furthermore, as it used throughout this opinion, "Defendants" refers only to Patrick R. Cox  and Alex Clamon and not to TaxMasters, Inc., TMIRS Enterprises, Ltd., and TM GP Services, LLC.

60-1 at 2, 61-6 at 3, 62 -1at 1.

Defendants employed "tax consultants" who "act[ed] as sales persons for [Defendants] and [sold] its tax services to potential clients." Doc. 60-1 at 2.[2] Tax consultants worked from an office and made telephone calls to potential clients. *Id.* Tax consultants underwent a four to eight week training period when they were hired, during which Defendants paid consultants a "training wage" of $11.50 per hour. Docs. 60-1 at 2, 62-1 at 2. After that period, Defendants compensated consultants entirely through commissions earned by selling Defendants' services to potential clients, or a base wage of $11.50 per hour, whichever was higher. *Id.* If consultants' commissions were sufficiently low that they earned the base wage, Defendants paid overtime in the amount of one and a half times the hourly base wage for all hours worked in excess of forty in a single week. *Id.* When consultants' commissions were sufficiently high, Defendants paid only those commissions and did not pay overtime for any hours worked in a single week in excess of forty. *Id.*

Plaintiffs have introduced evidence indicating that they routinely worked more than forty hours per week and were paid "straight commission" for all hours worked during that week. Docs. 60-1 at 2, 61-6 at 3. The parties agree that Defendants routinely paid consultants at least 50% of their wages in commissions, although Plaintiffs contend that consultants earned "straight commissions," or 100% of their wages from commission, after the initial training period. *Id.*; Docs. 65-3 to -23.

Plaintiffs and Defendants all have moved for summary judgment. Plaintiffs have moved for partial summary judgment on the issue of liability, asserting that the undisputed facts in this

---

[2] Defendants Patrick Cox and Alex Clamon contend that they were not the Plaintiffs' employer under the FLSA. Doc. 64.  Because the Court finds that any employing entity in this case, under the undisputed facts before the Court, was exempt under the FLSA, Cox's and Clamon's exact employment relationship with each Plaintiff is not material to resolving the motions for summary judgment.

3 / 11

case demonstrate Defendants' liability under the FLSA and the sole remaining issues pertain only to damages. Docs. 60, 61, 62. Defendants have moved for summary judgment on the grounds that the undisputed facts demonstrate that Plaintiffs have failed to introduce any evidence that Defendants violated the FLSA by not paying overtime, that Plaintiffs were "exempt employees" under the "commissioned sales" exception to the FLSA and that Defendants Cox and Clamon do not qualify as Plaintiffs' 'employer' under the FLSA. Doc. 64. Because the Court finds that Plaintiffs were exempt from FLSA's overtime provisions under the "commissioned sales" exemption, it does not reach the additional issue of Cox and Clamon's employer status under the Act.

Legal Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

The substantive law governing the suit identifies the essential elements of the claims at issue, and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Col. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant

asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the non-movant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006). To do so, the non-movant must "go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).

Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075.). The non-movant cannot

discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). There is a "genuine" issue of material fact if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

<u>Analysis</u>

Because the parties agree to the facts material to resolving the question of the "retail or service establishment" exemption, this case is suited for disposition at the summary judgment stage.

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (2007). Defendants claim that they were exempt from the FLSA's overtime provisions as a "retail or service establishment"

under Section 207(i). Under Section 207(i),

> [n]o employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i).

Here, the parties agree that tax consultants regularly worked more than forty hours in a week, the "regular rate of pay" consultants earned if their commissions were sufficiently low in a given week was $11.50,[3] and that consultants regularly received at least 50 per cent and as much as 100% of their compensation in the form of commissions on tax services they sold to consumers. Thus, the only relevant question is whether Defendants were a "retail or service establishment" as the FLSA uses that term.

Plaintiffs contend that 29 C.F.R. § 779.301 imposes the additional requirement that a business asserting an exemption under the retail or services provision must make more than 50 percent of the dollar value of its sales within the state in which it is located. See Doc. 61 at 15. Section 779.301, however, interprets the similar but now repealed 29 U.S.C. § 213(a)(2) (1988), *repealed by* Act of Nov. 17, 1989. While courts rely on the Section 213(a)(2) definition of a retail or service establishment when interpreting Section 207(i),[4] Plaintiffs have not directed the Court to any cases reading the in-state earning requirement of Section 779.301 back in to Section 207(i).

---

[3] 29 U.S.C. § 206 currently specifies a federal minimum wage of $7.25 per hour. The parties agree that the "base wage" that consultants earned during training, and if their commissions were sufficiently low thereafter, was $11.50, or approximately one and six-tenths times the federal minimum wage. Thus, the parties agree that Plaintiffs never received less than one and one half times the federal minimum wage.

[4] *See* 29 C.F.R. § 779.411; *see also Reich v. Delcorp, Inc.*, 3 F.3d 1181, 1183 (8th Cir. 1993) ("[A]ny construction of the term as defined in § 213(a)(2) became a part of the definition of the term as found in § 207(i). Nothing in the 1990 amendments changed § 207(i).").

Whether Defendants were exempt under Section 207(i) thus turns on whether they were "an establishment 75 percentum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry." 29 U.S.C. § 213(a)(2). According to Department of Labor regulations, a retail or service establishment must have a "retail concept." 29 C.F.R. § 779.316 (2005). Section 318 of the regulations describes the "characteristics and examples" of retail or service establishments:

> Typically a retail or service establishment is one which sells goods or services to the general public. It serves the everyday needs of the community in which it is located. The retail or service establishment performs a function in the business organization of the Nation which is at the very end of the stream of distribution, disposing in small quantities of the products and skills of such organization and does not take part in the manufacturing process.
>
> . . .
>
> Such an establishment sells to the general public its food and drink. It sells to such public its clothing and its furniture, its automobiles, its radios and refrigerators, its coal and its lumber, and other goods, and performs incidental services on such goods when necessary. It provides the general public its repair services and other services for the comfort and convenience of such public in the course of its daily living.

29 C.F.R. § 779.318. Section 317 of the regulations provide a "partial list of establishments lacking 'retail concept'" which includes, among over one hundred other examples, "tax services." 29 C.F.R. § 779.317.

Plaintiffs do not dispute that Defendants sold more than 75 per cent of their products directly to the consumer. Instead, Plaintiffs insist that the Department of Labor regulations, which expressly define "tax services" companies as lacking a retail component, are determinative. *See* Doc. 60, 61, 63. Defendants contend both that they were not a "tax services" establishment and that Section 779.317 therefore does not apply and that Fifth Circuit precedent holds that the Department of Labor's list of non-retail establishments is not determinative. Doc. 64.

The Defendants are correct that the Fifth Circuit has declined to follow strictly the Department of Labor's list. *See Rachal v. Allen*, 376 F.2d 999 (5th Cir. 1967) (rejecting Secretary of Labor's position that a fixed base aeronautics operator's business has no retail concept merely because it is part of an industry, namely, the air transportation industry, that Section 779.317 lists as lacking a retail concept). "There is no magic in placing a business in a category and then asserting that since it is in that category, it is like all businesses with which it has been placed." *Id.* at 1003. In *Rachal*, the Fifth Circuit rejected the Secretary of Labor's argument that because a fixed-base operator engaged in servicing and selling aircraft at airports was in the air transportation industry, and because the Secretary had made a determination in Section 779.317 that the air transportation industry lacked a retail concept, a fixed base operator necessarily lacked a retail concept:

> [T]he Secretary's argument . . . assumes the result of the issue we are asked to determine. . . . The issue is whether, under the statute, there may be, as a matter of law, and if so whether there is as a matter of fact, a retail concept in the defendants' business, notwithstanding the Secretary's determination. It is, of course, the function of the Court, as well as of the Secretary, to interpret the statute.
>
> *Id.* (citing *Walling v. La Belle S.S. Co.*, 148 F.2d 198 (6th Cir. 1945)).

The question for this Court, then, is whether Defendants provided services that meet the Secretary's four criteria for establishments with a retail concept. 29 C.F.R. § 770.319 (listing criteria).[5]

Certainly Defendants sold their services to the general public. In fact, the Plaintiffs in this action worked as salespeople in a call center and sold Defendants' services directly to consumers. Plaintiffs contend, however, that Defendants' "services do not serve the every day

---

[5] Plaintiffs urge the Court to follow the Sixth Circuit's reasoning in *Hodgson v. N.G. Kallas Co.*, 480 F.2d 994 (6th Cir. 1973). In that case, the Sixth Circuit analogized to other, non-exempt, financial institutions like banks, insurance companies, and loan associations and held that bookkeeping and tax preparing services lacked a retail concept. *See id.* at 996. The Sixth Circuit relied heavily on the Secretary of Labor's long-standing inclusion of accountants on his non-exempt list. *Id.* Because the Fifth Circuit has adopted a case-by-case approach in which courts apply the Section 779.318 factors, rather than relying solely on the Secretary's list in Section 779.317, to the extent that the Sixth Circuit's approach differs, this Court declines to follow it.

needs of the public" because "these services provide a specialized function that is not necessary for the community's daily routine." Doc. 68 at 22. It is not the case that an establishment must provide a product or service used by each member of the community on daily basis for it to serve the everyday needs of the community. Addressing just such an argument, the District Court for the Middle District of Florida reasoned that:

> [t]he list provided in the regulations of businesses which are recognized as retail reflects that such narrow interpretation would be incorrect. This list includes billiard parlors, bowling alleys, cemeteries, coal yards, crematories, dance halls, embalming establishments, funeral homes, fur repair and storage shops, hotels, masseur establishments, recreational camps, taxidermists, theatres, and undertakers, none of which would be used daily by everyone in the community.
> 
> *Reich v. Cruises Only, Inc.*, 1997 WL 1507504, *4 (M.D.Fla. 1997).

This Court agrees. The summary judgment evidence before the Court indicates that Defendants provided not only tax preparation services that each member of the community may well utilize, but also tax dispute services to address issues that may, in some instances, arise in the course of filing taxes. Doc. 64-1 at 7-8. Each member of "the community" does not require tax services on a daily basis any more than they require frequent visits to the undertaker. Yet these services derive inevitably from the only two certainties in life. Such certain, but periodic, services are no less retail in nature than the sale of "automobiles, . . . radios and refrigerators," or the "incidental services on such goods when necessary." 29 C.F.R. § 779.318. Defendants' tax resolution services clearly were "services for the comfort and convenience of such public in the course of its daily living." *Id.*

Likewise, Defendants provided "small quantities of the products and skills" of its organization directly to the end consumer and did "not take part in the manufacturing process." *Id. See* Doc. 64-5 at 3 (Defendants "custom design [their] tax resolution and tax representation services to meet the specific needs of each customer. Therefore, the company's services are sold

on an individualized basis and are never sold in bulk."). The undisputed facts before the Court on this motion for summary judgment support Defendants' contention that they were exempt as a "retail or service establishment" under Section 207(i). Because Defendants were exempt from the overtime provisions of the FLSA, they are entitled to judgment as a matter of law.

Because the Court finds that Defendants are exempt under the retail or service establishment provision of 29 U.S.C. § 701(i), the applicability of the administrative exemption to Plaintiff Thelma Coleman and the factual issues of whether Defendants paid overtime and whether Patrick Cox and Alex Clamon were Plaintiffs' employers are moot.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiffs Otis Durrett and David Pesquera's motion for summary judgment (Doc. 60), Plaintiffs Adewole Adegbenro, James Balentine, Allison Ballard, Tamme Craft, John Michael Cruise, Jermaine Hill, Elie King, Francisco Lopez, Carlisle Mitchell, Monica Powell, Deaphalis Sample, Nicki Sample, Ronald Sample, Thelma Sample, Horace Sutterer, Feliciano Velazquez, Brandon Wells, and Kirk Williams' motion for summary judgment (Doc. 61), and Plaintiff Darryl de la Bastide's motion for summary judgment (Doc. 62) are **DENIED**. Further, the Court

**ORDERS** that Defendants Patrick R. Cox, and Alex Clamon's motion for summary judgment (Doc. 64) is GRANTED.

SIGNED at Houston, Texas, this 18th day of September, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE